IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TITUS THOMAS, #287141 | * |
| | * |
| v. | CIVIL ACTION NO. AMD-06-1050 |
| | * |
| J. MICHAEL STOUFFER, et al. | |
| | *** |

MEMORANDUM

Petitioner, Titus Thomas, an inmate at the Maryland Correctional Training Center in Hagerstown, filed the instant 28 U.S.C. § 2254 habeas corpus application on April 24, 2006, challenging his 1999 conviction and sentence for attempted second degree murder and first degree assault. Paper No. 1. For the reasons set out herein, this court concludes that the pending application for habeas corpus relief must be dismissed without prejudice at this time.[1]

On August 20, 2002, petitioner filed his first federal habeas corpus application which was denied by this court on September 30, 2003.[2] *See Titus v. Smith*, Civil Action No. AMD-02-2777 (D. Md 2002). As petitioner has previously been advised,[3] under the Antiterrorism and Effective Death Penalty Act of 1996, he may file a second or successive habeas corpus petition only if he has obtained from the appropriate circuit court an order authorizing the district court to consider his application. *See* 28 U.S.C. § 2244(b)(3); *Evans v. Smith*, 220 F.3d 306, 323 (4th Cir.2000).

---

[1] Petitioner did not request indigency status or pay the $5.00 filing fee. The court will assume indigency and grant petitioner leave to file in forma pauperis.

[2] Petitioner alleged the following claims: (1) that trial counsel rendered ineffective assistance by (a) failing to screen witnesses; and (b) failing to obtain petitioner's psychological records; (2) the evidence was insufficient to sustain the conviction; (3) State witnesses gave inconsistent statements; (4) Maryland's discovery rule was violated; (5) petitioner's Constitutional rights were violated; (6) post conviction counsel rendered ineffective assistance; and (7) petitioner was denied the right to confront his accusers.

[3] On January 31, 2006, petitioner filed a second petition for habeas corpus relief which was dismissed as a successive filing. *See Thomas v. State*, Civil Action No. AMD 06-265 (D. Md. 2006).

Before this court may consider the pending petition, the United States Court of Appeals for the Fourth Circuit must enter an order authorizing this court to consider the application for habeas corpus relief. *See* 28 U.S.C. § 2244(b)(3)(A);[4] *see In re Avery W. Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997).  Petitioner has not complied with this "gatekeeper" provision.  Therefore, his pending application for habeas corpus relief must be dismissed pursuant to 28 U.S.C. § 2244(b)(3).

The United States Court of Appeals for the Fourth Circuit has set forth instructions to file a motion to obtain the aforementioned authorization Order. The procedural requirements and deadlines for filing the motion are extensive. Consequently, this court has attached hereto a packet of instructions promulgated by the Fourth Circuit which addresses the comprehensive procedure to be followed should petitioner wish to seek authorization to file a successive petition with the appellate court.  It is to be emphasized that petitioner must file the motion with the Fourth Circuit and obtain authorization to file his successive petition before this court may examine his claims.

For the reasons set forth herein, this court is without jurisdiction to review the instant petition, and accordingly it shall be dismissed.  A separate Order follows.


Filed: May 1, 2006                             /s/
                                               Andre M. Davis
                                               United States District Court Judge

---

[4] 28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."